UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Edward Wilson, | Case No. 23-cv-1993 (JRT/DLM) |
| Plaintiff, | |
| v. | ORDER AND<br>REPORT AND RECOMMENDATION |
| Ramsey County ADC Jail, | |
| Defendant. | |

---

On July 17, 2023, this Court directed plaintiff Edward Wilson, a prisoner, to pay an initial partial filing fee of at least $23.09 within 21 days, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute. (Doc. 4.) When Mr. Wilson did not respond to the Order within the time allotted, this Court recommended that the matter be dismissed. (Doc. 5.) But Mr. Wilson has requested more time to pay the initial partial filing fee, asserting that he cannot make the $23.09 payment. (Doc. 6.)

Under 28 U.S.C. § 1915(b)(4), a court may waive the requirement that a prisoner pay an initial partial filing fee if the court determines that the prisoner "has no assets and no means by which to pay" that fee. This Court concludes, based on the representations in Mr. Wilson's letter, that he has no assets and no means from which to pay the $23.09 initial partial filing fee previously assessed. Accordingly, the requirement to pay the initial fee will be waived in this mater, and the Court's prior Recommendation that this action be

dismissed without prejudice because of Mr. Wilson's failure to pay the initial partial filing fee will be vacated.

Now that Mr. Wilson's initial partial filing fee is resolved, his complaint is now ripe for review under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). Under § 1915A(b),

> [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they

still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Wilson's pleading is concise. He alleges that he caught influenza while incarcerated at the Ramsey County Adult Detention Center in 2022. (Doc. 1.) Mr. Wilson requests $100 million in damages because of his illness. *Id*.

But Mr. Wilson has not stated a claim on which relief can be granted. First, the lone defendant to this action, the Ramsey County Adult Detention Center, is not an entity amenable to suit. *See De La Garza v. Kandiyohi County Jail, Correctional Institution*, 18 F. App'x 436 (8th Cir. 2001) (per curiam). Accordingly, there is no one named to this lawsuit from whom Mr. Wilson might appropriately seek relief. But even if Mr. Wilson had named a cognizable defendant, such as a jail official or political entity such as Ramsey County, Mr. Wilson does not plead facts that, if proved true, would establish that the defendant had violated the law. For example, Mr. Wilson does not allege that jail officials willfully disregarded risks of communicable disease among inmates or that jail officials were deliberately indifferent to his medical needs after he became ill. All that Mr. Wilson alleges is that he became ill with the flu while in jail, and it is on this ground alone that he seeks monetary compensation. That a person becomes ill, without more however, is not enough to establish that prison or jail officials have violated the law. *See, e.g.*, *Frohlich v. United States*, No. 20-cv-2692 (PJS/HB), 2021 WL 2531188, at *3 (D. Minn. June 21, 2021).

Accordingly, this Court recommends that this matter be dismissed without prejudice under § 1915A(b). Mr. Wilson remains responsible for the $350.00 statutory filing fee for

this matter, which must be paid in installments over time. *See* 28 U.S.C. § 1915(b). Officials at the facility where Mr. Wilson is now detained will be appraised of that requirement.

## ORDER

Based on all the files, records, and proceedings above, **IT IS ORDERED** that:

1. The August 18, 2023 Report and Recommendation (Doc. 5) is **VACATED**; and

2. Plaintiff Edward Wilson is directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Mr. Wilson is confined.

## RECOMMENDATION

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

Dated: December 4, 2023                    _s/Douglas L. Micko_____
                                                           DOUGLAS L. MICKO
                                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

4