UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EDWARD WILSON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>RAMSEY COUNTY, *et al.*,<br><br>　　　　　　　Defendant. | Civil Nos. 23-1991 (JRT/JFD), 23-1993 (JRT/DLM)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORTS AND RECOMMENDATIONS AND CONSOLIDATING CASES** |

Edward Wilson, OID #248463, Minnesota Correctional Facility Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Plaintiff.

Plaintiff Edward Wilson has filed seven separate actions against Ramsey County and related defendants for medical issues he has experienced while incarcerated. Two of those actions are pending before the Court. The Magistrate Judge in each case has issued a Report and Recommendation ("R&R"), which the Court will adopt, recommending Wilson's complaints be dismissed without prejudice. At the same time, the Court will consolidate the actions within its control and require Wilson to pay only a single filing fee for the consolidated action.

## BACKGROUND

**I.      NO. 23-1991**

In Wilson's first complaint before the Court, he alleges Ramsey County Adult Detention Center ("ADC") twice administered the wrong medication. (*See* Compl. at 1, June 28, 2023, Docket No. 1, ECF No. 23-1991.) He claims the medication caused irregular heartbeats, amongst other symptoms, and he requests $100 million in damages. (*Id.*)

Magistrate Judge John F. Docherty recommended Wilson's claim be dismissed without prejudice pursuant to 28 U.S.C. § 1915A. (Order & R. & R. at 2, 6, Oct. 16, 2023, Docket No. 7, ECF No. 23-1991.) While Wilson's complaint did not specify a cause of action, the Magistrate Judge determined the closest fit under federal law would be a claim of deliberate indifference to medical needs in violation of 42 U.S.C. § 1983. (*Id.* at 3.) Nonetheless, the Magistrate Judge clarified such a claim would not be viable where Wilson has not alleged prison officials knew of and disregarded a serious medical need, and where Wilson has not named any specific defendants alleged to have caused his harm. (*Id.* at 3–4.) Rather, the Magistrate Judge determined state tort law more naturally fit Wilson's claims. (*Id.* at 4.) But without a viable federal claim, the Complaint presented an insufficient basis for federal subject matter jurisdiction. (*Id.*) Accordingly, the Magistrate Judge recommended Wilson's complaint be dismissed without prejudice. (*Id.* at 6.) The Magistrate Judge also ordered Wilson to pay the $350 filing fee pursuant to 28 U.S.C. § 1915(b)(2). (*Id.* at 5.)

Wilson subsequently filed a letter asking the Court to amend his complaint to add individual defendants and add claims of deliberate indifference pursuant to 42 U.S.C. § 1983 and violations of state tort law. (*See* Claim for Relief, Dec. 20, 2023, Docket No. 12, ECF No. 23-1991.) The Magistrate Judge responded that the Court cannot amend Wilson's complaint for him; he must do so himself pursuant to District of Minnesota Local Rule 15.1. (Order, Dec. 22, 2023, Docket No. 14, ECF No. 23-1991.)

## II.   NO. 23-1993

Wilson also filed a complaint against Ramsey County ADC seeking $100 million in damages after contracting influenza. (Compl. at 1, June 28, 2023, Docket No. 1, ECF No. 23-1993.) Magistrate Judge Douglas L. Micko issued an R&R similarly explaining that Wilson sued the wrong defendant and did not plausibly allege willful disregard of his medical needs. (Order & R. & R. at 3, Dec. 4, 2023, Docket No. 9, ECF No. 23-1993.) Accordingly, the Magistrate Judge recommended the Court dismiss Wilson's complaint without prejudice pursuant to 28 U.S.C. § 1915A and ordered Wilson to pay a $350 filing fee pursuant to 28 U.S.C. § 1915(b)(2). (*See id.* at 3-4; *see also* Letter to Prison Authorities, Dec. 4, 2023, Docket No. 10, ECF No. 23-1993.) Again, Wilson filed a letter requesting the Court amend his complaint to remedy the shortcomings identified in the R&R. (*See* Claim for Relief, Dec. 20, 2023, Docket No. 13, ECF No. 23-1993.)

### III. JOINT FILINGS

In addition to the above cases, Wilson filed five other complaints related to medical issues while incarcerated in Ramsey County.[1] He has filed certain letters with the Court pertaining to all of those actions. First, he filed a letter requesting that every case reflect causes of action under both federal and state law. (*See* Letter to the Court, Dec. 11, 2023, Docket No. 11, ECF No. 23-1991.) He later requested more time to pay his filing fees in the various cases, indicating that he was confused, the process was new to him, and if he "was aware of how this process works, [he] would've filed one at a time." (*See* Letter to the Court, Dec. 27, 2023, Docket No. 15, ECF No. 23-1991.) Finally, he filed motions for the Court to access his grievance history and medical records from Ramsey County ADC. (*See, e.g.*, Motion to Access, Jan. 16, 2024, Docket No. 17, ECF No. 23-1991.)

## DISCUSSION

### I. STANDARD OF REVIEW

The Prison Litigation Reform Act requires screening of civil actions brought by prisoners against a government entity, officer, or employee to determine whether the claims are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint must state a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d

---

[1] ECF Nos. 23-1990 (JWB/DLM); 23-1992 (WMW/TNL); 23-1994 (ECT/ECW); 23-1995 (KMM/JFD), 23-3673 (ECT/DLM).

585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court construes the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or mere "labels and conclusions or a formulaic recitation of the elements of a cause of action," *Iqbal*, 556 U.S. at 678 (quotation omitted).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court must liberally construe a pro se plaintiff's claims.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, pro se litigants are not excused from failing to comply with substantive or procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  Unobjected portions of the R&R are only reviewed for clear error.  Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  Because Wilson did not object to either Magistrate Judge's R&R, the Court will review only for clear error.

## II.     ANALYSIS

The Magistrate Judges did not clearly err in determining that Wilson's complaints fail to state a claim upon which relief can be granted. Even construing the complaints in the light most favorable to Wilson and inferring that he means to bring this action under 42 U.S.C. § 1983, he has not plausibly alleged deliberate indifference to a serious medical need. *See Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021).

Nor does Wilson plausibly allege the Court has jurisdiction over any state law causes of action. Ordinarily, a federal court has subject matter jurisdiction when it has federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists when "federal law creates the cause of action" or if "relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983). Diversity jurisdiction requires "complete diversity of citizenship among the litigants" and "an amount in controversy greater than $75,000." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Wilson does not allege the parties to this litigation are diverse. And though a federal court can sometimes exercise supplemental jurisdiction over state law causes of action when it has original jurisdiction over related claims, there is no original jurisdiction because Wilson's § 1983 claim fails. *See* 28 U.S.C. § 1367.

As to Wilson's letters requesting the Court amend his complaints to cure the deficiencies identified in the R&Rs, Magistrate Judge John F. Docherty correctly explained that Wilson must do so himself. District of Minnesota Local Rule 15.1(a) discusses

amended pleadings, instructing that "any amended pleading **must be complete in itself** and **must not incorporate by reference** any prior pleading." (emphasis added). So, to the extent Wilson wishes to file an amended pleading, he must act as if he is starting from scratch. As will be discussed below, the Court will consolidate case numbers 23-1991 and 23-1993. Because the Court will consolidate these two cases, Wilson may file an amended complaint for those claims in a single document. But that document must, standing alone, state a claim upon which relief can be granted.

### III. MOTIONS TO ACCESS

The Court will deny Wilson's various motions asking the Court to access his correctional facility grievance history and medical records. To begin, those records would not stave off dismissal of these actions. His complaints and materials embraced by the complaints must be enough, standing alone, to state a claim. *See Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). In any event, it is ordinarily a litigant's obligation to seek out and provide the Court with relevant information, not the reverse. The Court cannot conduct discovery on Wilson's behalf.

### IV. CONSOLIDATION AND FILING FEES

In his letter to the Court, Wilson expresses regret that he did not file his cases one at a time to keep filing fees manageable. Wilson likely could have brought all seven of his separate actions in a single complaint. *See* Fed. R. Civ. Pro. 18 (allowing a party to bring "as many claims as it has against an opposing party" in one action). Even though his

complaints allege separate incidents of medical neglect, they all are sufficiently related to be handled in one case.

At this point, many of Wilson's other cases have already been disposed of and are either pending before, or have been adjudicated by, the Eighth Circuit. The Court has no authority over those cases. But the Court will consolidate the two cases now before it. *See* Fed. R. Civ. Pro. 42. In the future, Wilson may address any matters related to case numbers 23-1991 and 23-1993 under the consolidated case number 23-1991. To be clear, although the Court will consider any matters related to the 2022 influenza and medication issues under one case, it will not revisit any grievances about Ramsey County's medical practices that have already been disposed of in Wilson's other actions.

That leaves the matter of filing fees. The Court has no power to alter the filing fees for the five cases not before it. But the Court will not force Wilson to pay separate filing fees for the now-consolidated cases before it. Accordingly, Wilson owes only $350 for case number 23-1991. The Court will instruct the Clerk to withdraw its letter to prison authorities requesting payment in 23-1993.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, civil case numbers 23-1991 and 23-1993 are consolidated into a single action before Judge John R. Tunheim and Magistrate Judge John F. Docherty.

2. All future filings pertaining to the above actions shall be filed in civil case number 23-1991.

3. The Magistrate Judges' Reports and Recommendations [Docket No. 7, ECF No. 23-1991; Docket No. 9, ECF No. 23-1993] are **ADOPTED**;

4. The Magistrate Judge's Order [Docket No. 9, ECF No. 23-1993] is **OVERRULED** insofar as it instructs Plaintiff Edward Wilson to pay the statutory filing fee in case number 23-1993;

5. The Clerk of Court shall provide notice to authorities at the institution where Plaintiff Edward Wilson is confined that the Clerk's previous letter noticing unpaid filing fees [Docket No. 10, ECF No. 23-1993] is withdrawn and no amounts are due in case number 23-1993;

6. Plaintiff Edward Wilson's Motions to Access Grievances History [Docket No. 17, ECF No. 23-1991; Docket Nos. 17 & 18, ECF No. 23-1993] are **DENIED**; and

7. Plaintiff's consolidated action [ECF No. 23-1991] is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  February 23, 2024                              ___s/John R. Tunheim___
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                        United States District Judge